UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KELLY CHINEDU UFELI, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:19-CV-106 |
| TEXAS A & M UNIVERSITY SYSTEM, *et al.*, | § § § § | |
| Defendants. | § | |

## ORDER ADOPTING, AS MODIFIED, MEMORANDUM AND RECOMMENDATION AND GRANTING MOTION TO DISMISS

Plaintiff Kelly Chinedu Ufeli filed this civil rights suit against Defendants Texas A&M University System and Texas A&M University-Corpus Christi (together "Defendants"). Plaintiff alleges that Defendants discriminated against him on the basis of race and disability while he was their student. (D.E. 24). Defendants filed a motion to dismiss on October 14, 2019, (D.E. 27), and Plaintiff responded on November 15, 2019. (D.E. 30).

On December 12, 2019, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation ("M&R") that the motion to dismiss should be granted. (D.E. 31). The M&R reasoned that Plaintiff failed to state valid claims because he did not sue a specific state official in his or her official capacity, and he did not allege a qualifying disability. (D.E. 31, p. 13, 16). Plaintiff timely filed his objections on January 6, 2020. (D.E. 35). For the reasons set out below, the Court **SUSTAINS** Plaintiff's first

objection and **OVERRULES** Plaintiff's second and third objections. The Court **ADOPTS** the M&R as modified herein and **GRANTS** Defendants' motion to dismiss (D.E. 27).

First, Plaintiff objects to the M&R's factual finding that Plaintiff filed a request for a green card. (D.E. 35, p. 2). Plaintiff corrects the court that it was his wife who was seeking the green card on her own behalf. The Court **SUSTAINS** this objection and modifies the M&R accordingly. However, the Court finds that this fact modification does not change the outcome in this case.

Second, Plaintiff objects to the M&R's recommendation on the Eleventh Amendment analysis and 42 U.S.C. § 1983 claim, (D.E. 35, p. 2), because Plaintiff abandons this claim in his Second-Amended Complaint, which is currently pending before the Court with a motion for leave to amend. (D.E. 34). The Second Amended Complaint is not a live pleading at this time. Because this Court is ruling on a motion to dismiss the First Amended Complaint, this objection is **OVERRULED**. If Plaintiff is granted leave to amend his complaint, any motion concerning that complaint will be addressed accordingly.

Third, Plaintiff objects to the M&R because it recommends dismissing the Rehabilitation Act and ADA claims. (D.E. 35, p. 2). Plaintiff maintains that he cures any pleading deficiencies of these claims in his Second Amended Complaint. Again, that complaint is not yet live, and the Court will address any disputes concerning that complaint if they arise. As it stands, the Court **OVERRULES** the objection on the basis that Plaintiff did not sufficiently plead this claim in the First Amended Complaint.

## CONCLUSION

After reviewing the facts, conclusions of law, and recommendation set forth in the M&R, as well as Plaintiff's objections and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were directed, the Court **SUSTAINS** Plaintiff's first objection and modifies the M&R to reflect the factual correction. The Court **OVERRULES** Plaintiff's second and third objections. The Court **ADOPTS**, as modified herein, the findings and conclusions of the Magistrate Judge. Accordingly, Defendant's motion to dismiss (D.E. 27) is **GRANTED** and Plaintiff's First Amended Complaint is **DISMISSED with prejudice**. Defendants' first motion to dismiss, (D.E. 11), is **DENIED as moot**. This Order does not address the merits of the motion for leave to amend that Plaintiff filed on January 6, 2019.

SIGNED and ORDERED this 13th day of January 2020.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE