UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KELLY CHINEDU UFELI, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-00106 |
| | § | |
| TEXAS A & M UNIVERSITY SYSTEM, | § | |
| *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING LEAVE TO AMEND

Plaintiff Kelly Chinedu Ufeli has filed this motion for leave to file a second amended complaint. (D.E. 34). Defendants Texas A&M University System and Texas A&M University-Corpus Christi responded in opposition to the motion. (D.E. 40). For the reasons discussed further below, Ufeli's motion (D.E. 34) is DENIED.

**I. BACKGROUND**

The record reflects that Ufeli filed his initial *pro se* complaint in April 2019. (D.E. 1). Defendants filed a motion to dismiss the complaint, to which Ufeli did not respond, and Magistrate Judge B. Janice Ellington entered a memorandum and recommendation ("M&R") that recommended granting the motion in July 2019. (D.E. 11, 18). A week later, during a telephonic hearing, Ufeli appeared and explained why he had been unable to file a response. (*See Minute Entry* on July 26, 2019). Magistrate Judge Ellington withdrew the M&R and gave Ufeli 21 days to file a response. (D.E. 20).

Ufeli, now represented by counsel, subsequently filed a motion for leave to file an amended complaint, which was granted. (D.E. 22, 23). In September 2019, Ufeli filed

his first amended complaint, which Defendants again moved to dismiss. (D.E. 24, 27). Ufeli moved for an extension to respond and then, in November 2019, filed a response. (D.E. 28, 30). Magistrate Judge Ellington entered a second M&R recommending that the first amended complaint be dismissed. (D.E. 31). Ufeli moved for an extension of time to file objections to the M&R, which was granted. (D.E. 32, 33). On January 6, 2020, Ufeli filed both his objections to the M&R and the current motion for leave to file a second amended complaint. (D.E. 34, 35). The district court adopted the M&R and dismissed Ufeli's first amended complaint, leaving only the pending motion to file a second amended complaint. (D.E. 36).

## II. DISCUSSION

Ufeli moves to amend his complaint under Rule 15(a) of the Federal Rules of Civil Procedure. (D.E. 34 at 1-2). His brief motion indicates only that the proposed second amended complaint "cures such gaps and deficiencies" as were identified by the M&R recommending dismissal of the first amended complaint. (*Id.* at 2). Ufeli states that counsel has now had additional time with his case and that allowing a second amended complaint would not be "unprecedented." (*Id.*).

Defendants respond that Ufeli's motion should be denied on at least two grounds, including undue delay and futility. (D.E. 40 at 3-6).

Ufeli did not file a reply.

Rule 15 provides that a party may amend his pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Otherwise, a "party may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should give

2

freely when justice so requires." Fed. R. Civ. P. 15(a)(2).

Determining when justice so requires rests within the sound discretion of a district court. *See Chitimacha Tribe of La. V. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982) (citations omitted). A court's discretion to grant to deny leave is extremely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a substantial reason to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, et al., 3 F.3d 137, 139 (5th Cir. 1993). In exercising its discretion to deny leave to amend a complaint, a trial court may properly consider: (1) an unexplained delay following an original complaint; and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed. *Matter of Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996).

Here, Ufeli unduly delayed in seeking leave to file a second amended complaint. Notably, Rule 15(a)(1)(B) allows a party to file a first amended pleading "21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Although not directly applicable here because Ufeli already filed his first amended complaint, the language of Rule

3

15(a)(1)(B) is nevertheless instructive. Defendants filed their motion to dismiss the first amended complaint on October 14, 2019, and Ufeli did not file the present motion for leave to amend until January 6, 2020, which was 84 days later. (D.E. 27, 34). Rather than filing the motion for leave to amend in response to the issues identified in the Defendants' motion to dismiss, Ufeli moved to extend, filed a response, waited until after Magistrate Judge Ellington entered the M&R, and moved to extend again before filing the motion in conjunction with objections to the M&R. This delay remains unexplained as the motion states only that counsel has now had more time with the case, but it does not state what counsel learned in this time or why he could not have learned it earlier. (D.E. 34 at 2); *Southmark*, 88 F.3d at 316.

Moreover, although the proposed second amended complaint features some new factual allegations regarding the limits Ufeli's disabilities imposed on his life, it primarily rephrases the vague disability allegations from the first amended complaint, alleging that Ufeli was "physically and emotionally Shut-Down" and was "depressed, despondent, anxious, and emotionally incapacitated." (D.E. 34-1 at 1, 5). Given that the same basic disability allegations were in the first amended complaint and are central to the claims raised in both complaints, these facts were plainly known by both Ufeli and counsel at the time of the first amended complaint. *See Southmark*, 88 F.3d at 316. If counsel did not have enough time to adequately prepare the first amended complaint, he could have sought an extension at that time, a process he has used several other times throughout this case.

Finally, Ufeli's delay would prejudice Defendants, who have now drafted two

motions to dismiss, one of which was mooted when the court granted Ufeli leave to file a first amended complaint and the other of which was granted. (*See* D.E. 36). To limit such prejudice, Ufeli could have moved to amend in response to the arguments in the motion to dismiss, but instead sought the best of both worlds by waiting to see what the court's conclusions would be before seeking leave to amend. Accordingly, it would be inappropriate to grant leave to file a second amended complaint under these circumstances.

### III. CONCLUSION

Ufeli's motion for leave to file a second amended complaint (D.E. 34) is DENIED.

ORDERED this 11th day of February, 2020.

_____
Julie K. Hampton
United States Magistrate Judge